STATE OF HAWAII, Plaintiff-Appellee, *v.* JOHN MANLOLOYO, JR., also known as Junior, Defendant-Appellant

NO. 6833

OCTOBER 2, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ., AND RETIRED JUSTICES MARUMOTO AND KOBAYASHI ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY KOBAYASHI, J.

After trial before a jury in October, 1977, the defendant-appellant, John Manloloyo, Jr., also known as Junior (appellant), was convicted of the offense of murder and assault in the first degree [HRS §§ 707-701 (1976) and 707-710 (1976), respectively], and was sentenced to imprisonment for twenty years. He appeals from the judgment and sentence of the trial court.

The sole question presented on this appeal is whether the trial court erred in refusing to give appellant's requested instruction on the offense of manslaughter, to-wit:

When a person is charged with an offense, the jury may consider in its deliberations any offense that is lesser-included within the offense charged.

The lesser-included offense of Murder in Count 1 of this case is Manslaughter.

A person commits the offense of Manslaughter if he was *under the influence of an extreme mental or emotional disturbance for which there is a reasonable explanation,* at the time he caused the death of another person.

The prosecution must prove beyond a reasonable doubt that the Defendant at the time of the alleged shooting was not under the influence of an extreme mental or emotional disturbance for which there is a reasonable explanation.

If the jury entertains a reasonable doubt as to which offense has been committed, murder or manslaughter, you must find the defendant guilty of manslaughter. (Emphasis added.)

Hawaii Revised Statutes (HRS) defines murder as follows:

HRS § 707-701 (1976) provides:

Murder. (1) Except as provided in section 707-702, a person commits the offense of murder if he intentionally or knowingly causes the death of another person.

(2) Murder is a class A felony for which the defendant shall be sentenced to imprisonment as provided in section 706-606.

HRS § 707-702 (1976) provides:

Manslaughter. (1) A person commits the offense of manslaughter if:

(a) He recklessly causes the death of another person; or

(b) He intentionally causes another person to commit suicide.

(2) In a prosecution for murder it is a defense, which reduces the offense to manslaughter, that the defendant was, at the time he caused the death of the other person, *under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation*. The reasonableness of the explanation shall be determined from the viewpoint of a person in the defendant's situation under the circumstances as he believed them to be.

(3) Manslaughter is a class B felony.

Appellant relies on *State v. Warner*, 58 Haw. 492, 573 P.2d 959 (Dec. 23, 1977), for his contention that the trial court was required to instruct the jury as to the offense of manslaughter as requested by the appellant.

In *Warner, supra,* we concluded
that in all murder prosecutions hereafter tried in this state, when the evidence necessitates an instruction on self-defense, the trial court shall also give instructions to the jury on the charge of manslaughter. The manslaughter instructions need not be requested by the defendant. However, the sole exception to this rule shall be that if the defendant objects to the giving of the instructions of manslaughter on the basis that the record does not reflect any evidence on this issue, and the trial court agrees with the defendant, no such manslaughter instructions shall be given.

We set forth this rule for *prospective application only.* . . . (Emphasis added.)

58 Haw. at 501, 573 P.2d at 964-65.

In the instant case appellant relied on the defense of legal insanity. There is no doubt herein that the trial court did instruct[1] the jury on appellant's assertion of his defense that he suffered from a mental disease or disorder, which excludes criminal responsibility.

---

[1] The instruction read:

The Defendant in this case asserts the defense that he suffered from a mental disease or disorder which excludes criminal responsibility.

The law is that even if the prosecution has proven that the Defendant is guilty of the offenses charged, the jury shall bring in a verdict of not guilty by reason of mental disease or disorder which excludes criminal responsibility if, at the time of the offenses, the Defendant was suffering from a mental disease or disorder and if such mental disease or disorder caused him to lack substantial capacity to know that what he was doing was wrong, or to control himself from committing the offenses.

This defense involves two questions:

1. Was the Defendant suffering from a mental disease or disorder at the time of the offenses? and

2. If so, did such mental disease or disorder cause him to lack substantial capacity either to know that what he was doing was wrong, or to control himself from committing the offenses?

In order to avoid the defense of mental disease or disorder, the burden is upon the prosecution to prove beyond a reasonable doubt that the answer to either one of the two questions is "NO." In other words, the prosecution must prove beyond a reasonable doubt that at the time of the offenses, either (1) that the Defendant was not suffering from a mental disease or disorder, or (2) that if such a condition existed, such mental disease or disorder did not cause a lack of substantial

Though evidence was adduced that the appellant suffered from a mental disease or disorder at the time the offense was committed by appellant, no evidence was adduced showing that the appellant caused the death of the victim while "under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation."

In our opinion, *Warner, supra,* is clearly inapplicable. Not only is *Warner* prospective in its holding, but the rule of *Warner* dealt solely with murder prosecution where the evidence necessitated an instruction on self-defense. We are unable to equate a defense of self-defense with a defense of legal insanity.

The appellant, however, places great stress upon the following statement in *Warner:*

When there is any evidence, no matter how slight, that raises the question whether the offense is murder or manslaughter, the trial court is bound to submit the issue to the jury for its determination.

The cases cited in *Warner* in support of the above proposition dealt with defenses of provocation, under the influence of sudden passion, or lacking specific intent due to intoxication or use of drugs.

Assuming, *arguendo,* that the above quote of *Warner* is applicable herein, the question is whether evidence of a mental disease or disorder[2] constitutes "any evidence . . . that

---

capacity in the Defendant to know that what he was doing was wrong and [sic] to control himself from committing the offenses.

The phrase "lack of substantial capacity" does not mean a total lack of capacity. It means capacity which has been impaired by mental disease or disorder to such a degree that only an extremely limited amount remains.
*See* HRS §§ 704-403 and 704-404.

[2] The record shows the following:

The diagnosis of the physical and mental condition of the defendant both at the time of the alleged offense and at the time of the interview was and is, schizoid personality with paranoid and compulsive features (or schizoid personality; depressive neurosis).

The doctors differed as to whether defendant lacked substantial capacity to appreciate the wrongfulness of his conduct and/or to conform his conduct to the requirements of the law at the time of the alleged offense.

However, the doctors concluded that the defendant did not lack the capacity to understand the proceedings against him and to assist in his own defense.

raises the question whether the offense is murder or man-slaughter . . . ."

Specifically, the question then is whether the instant evidence of mental disease or disorder fall within the scope of the provision of Section 707-702(2): "while under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation."

The facts show that appellant did deliberately and intentionally set out to kill and did kill the victim. The facts do not show that appellant's mental disease or disorder caused him to kill the victim while he was under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation.

Concededly, an argument can be made that appellant's mental disease or disorder "diminished" his "mental capacity". However, in our opinion, even a strained construction of the provisions of Section 707-702(2) would not permit "diminished mental capacity" as a defense which would reduce the offense of murder to an offense of manslaughter. *See* HRS § 707-702 (Special Pamphlet, Title 37, Hawaii Penal Code; *see also* footnote 9, *State v. Warner, supra.*)

Thus, in our opinion, based on the facts herein, the statutory definitions of murder and manslaughter, the herein evidence of mental disease or disorder did not raise the question whether the offense was murder or manslaughter.

Affirmed.

*Lorna A. Nishimitsu,* Deputy Public Defender *(Mark M. Nomura,* Deputy Public Defender, with her on the briefs) for defendant-appellant.

*Arthur Ross,* Deputy Prosecuting Attorney *(Stanley H. C. Young,* Deputy Prosecuting Attorney, on the brief) for plaintiff-appellee.